IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
UNITED STATES OF AMERICA           : CASE NO.  1:05 CR 00157
                                   :
                       Plaintiff,  :
                                   :
         -vs-                      : <u>ORDER DENYING DEFENDANT'S</u>
                                   : <u>MOTION TO DISMISS FOR VIOLATION</u>
                                   : <u>OF THE SPEEDY TRIAL ACT</u>
MAURICE McCREE,                    :
                                   :
                       Defendant.  :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  Before the Court is defendant Maurice McCree's Motion to Dismiss for Violation of the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161 - 3174.  (Docket No. 19).  The government filed a timely response in opposition.  (Docket No. 20).  For the reasons discussed below, the Court denies Mr. McCree's Motion to Dismiss.

  Mr. McCree's brief, three paragraph, statement requests the Court to dismiss this matter with prejudice for failing to bring him "to trial within the 70 day period as mandated by 18 United States Code, Section 3161."  (Def. Mot. Docket No. 19).  The government relies upon the tolling provisions of 18 U.S.C. § 3161(h) to establish that the speedy trial period has not been exceeded.

> The Speedy Trial Act, 18 U.S.C. § 3161(c)(1) provides:
>
> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

If this deadline is not met, the court must dismiss the indictment either with or without prejudice, 18 U.S.C. § 3162(a)(2). Section 3161(h) sets forth periods of time excludable from the statutory seventy-day period. Several sections are applicable to the facts of this matter, including:

> § 3161(h)(1)(D), delay resulting from trial with respect to other charges against defendant;
>
> § 3161(h)(1)(F), delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> § 3161(h)(1)(I), delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and,
>
> § 3161(h)(8)(A), Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his [sic] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

> In this instance, Mr. McCree made his initial appearance before Magistrate Judge

William H. Baughman on 28 April 2005, on a writ of habeas corpus ad prosequendum from the state of Ohio, pleading not guilty to the government's two-count indictment. (Docket No. 8). As the nature of the writ and the docket make clear, but for the date of his arraignment before Magistrate Judge Baughman, Mr. McCree was not in the custody of the federal government but in the custody of the state of Ohio from the time

of his arraignment on state charges on 11 March 2005 until 10 March 2006.  (Docket Case No. CR-04-458406-A, The State of Ohio v. Maurice McCree).  On 7 March 2006 Mr. McCree was sentenced in Cuyahoga County Common Pleas court for Aggravated Murder and Having Weapons While Under Disability in case number CR-04-458406-A.

On 10 May 2005, after his arraignment on federal charges, the Court set the trial for Mr. McCree for 6 July 2005.  (Docket No. 10).  On 15 June 2005 Mr. McCree motioned the Court for a continuance until the conclusion of his state murder trial so that he might focus his efforts, first, on defending himself before the state.  (Docket No. 14).  On 22 June 2005 the Court granted the defendant's motion to facilitate "the ends of justice" so that Mr. McCree could properly defend himself in the state trial.  (Docket No. 16).  As noted, that trial ended with Mr. McCree's sentencing on 7 March 2006.

On 10 March 2006 Mr. McCree was transferred to federal custody.  On the day preceding that transfer, the Court held a telephonic status conference with Mr. McCree's counsel and counsel for the government during which counsel for the defendant informed the Court of his need to confer with his client and the government regarding the arrangement of a possible plea agreement.  (Docket No. 18).  The government sent a plea agreement to Mr. McCree's counsel on 18 April 2006 and awaited defendant's response.  (Docket No. 20, p. 3).  On 14 June 2006 Mr. McCree filed his motion to dismiss pursuant to the Speedy Trial Act.  (Docket No. 19).

Relying upon the papers before the Court, the federal and state trial dockets and law and statute, the Court determines the speedy trial clock has been tolled since the time of Mr. McCree's initial appearance.  But for that appearance, the defendant was in state custody proceeding toward trial.  18 U.S.C. § 3161(h)(1)(D).  See Jake v.

Herschberger, 173 F.3d 1059, 1062 n. 1 (7th Cir.1999) (finding a state that sends a prisoner in state custody to federal authorities pursuant to a writ of habeas corpus ad prosequendum retains jurisdiction over the prisoner because the prisoner is merely "on loan" to the federal authorities); accord United States v. Evans, 159 F.3d 908, 912 (4th Cir.1998); Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir.1991).  Moreover, Mr. McCree sought and received a continuance from the Court, in the interests of justice, for purposes of pursuing his defense on the state charges.  18 U.S.C. § 3161(h)(8)(A).  Prior to his transfer from state to federal custody Mr. McCree's counsel communicated to the Court and the AUSA his client's interest in considering a plea agreement on the federal charges.  18 U.S.C. § 3161(h)(1)(I).  See United States v. Dunbar, 357 F.3d 582, 588 (6th Cir.2004), cert. granted and judgment vacated on other grounds,--- U.S. ----, 125 S.Ct. 1029, 160 L.Ed.2d 995 (2005)  (holding time for plea negotiations is excludable under the Act); accord United States v. Bowers, 834 F.2d 607, 609-10 (6th Cir.1987).  Finally, Mr. McCree's motion to dismiss on 14 June 2006 tolls the speedy trial clock for a reasonable period to allow the Court to promptly consider its disposition.  19 U.S.C. (h)(1)(F).

     Accordingly, the Court denies Mr. McCree's motion to dismiss this matter in violation of the Speedy Trial Act.

     IT IS SO ORDERED.

                                        /s/Lesley Wells
                                      UNITED STATES DISTRICT JUDGE

Dated: 17 July 2006