IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------------  :
MAURICE McCREE,                                         :  CASE NO.  1:05 CR 0157
                                                        :            1:09 CV 02511
                    Defendant-Petitioner,               :
                                                        :  MEMORANDUM OF OPINION AND
              -vs-                                      :  ORDER DENYING PETITIONER
                                                        :  RELIEF UNDER 28 U.S.C. § 2255.
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
                    Plaintiff-Respondent.               :
------------------------------------------------------  :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

  Petitioner Maurice McCree ("Mr. McCree') seeks to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. 50: 5 CR 157).  In his *pro se* Petition, Mr. McCree maintains five grounds for relief: 1) The District Court abused its discretion when it imposed his federal sentence to run consecutively to his prior state sentence; 2) The District Court failed to honor the Plea Agreement; 3) The District Court did not consider the Sentencing Guidelines when sentencing Mr. McCree; 4) The Petitioner's guilty plea was "unlawfully induced or not made voluntarily"; 5) The Petitioner was denied effective assistance of counsel.  (Doc. 50, pp. 4-9).  The government responded to Mr. McCree's petition contending that the first four grounds of the petition have already been litigated and are not properly before the Court, and that Mr. McCree has shown neither that his counsel's performance was deficient nor that it had prejudiced his

defense. (Doc. 56). For the reasons set forth below, Mr. McCree's petition for relief under 28 U.S.C. § 2255 will be denied.

**I. Background**

In March 2005, Mr. McCree was charged in a two-count indictment with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and knowingly possessing an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). With this federal indictment pending, Mr. McCree was convicted in March 2006 on Ohio state charges of aggravated murder and received a sentence of 28 years incarceration. In September 2006, after negotiations between the government and defendant, Mr. McCree pled guilty to both counts of the federal indictment. Pursuant to the plea negotiations, the government agreed to recommend the imposition of a sentence served concurrently with Mr. McCree's state sentence.

This Court sentenced Mr. McCree in November 2006 to two terms of 105 months' imprisonment. The two federal terms were run concurrent with each other. However, the Court rejected the government's recommendation to run the federal terms concurrent with the Defendant's state sentence and, instead, ran Mr. McCree's federal sentence consecutive to his state murder conviction.

Mr. McCree appealed this Court's sentence to the United States Sixth Circuit Court of Appeals. (Doc. 42). The Sixth Circuit affirmed the sentence, finding no procedural error, and finding no abuse-of-discretion in this Court's consideration of the United States Sentencing Guidelines. (Doc. 48, Information Affirming). The Sixth Circuit concluded:

2

> Because the record establishes that the district court considered the factors described in 18 U.S.C. § 3584 and the relevant Sentencing Guidelines provision in determining whether to run McCree's sentence consecutive to, or concurrently with, his state sentence, the district court did not commit procedural error, nor did it abuse its discretion in imposing McCree's sentence.

(Doc. 48, Information Affirming, p. 5).

## II.  Law and Argument

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 in the district court where he was sentenced.  Title 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2006).  Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings.  Brecht v. Abrahamson, 507 U.S. 619, 637–38 (1993).  To prevail on a non-constitutional error, the petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."  Watson v. United States, 165 F.3d 486, 488 (6th Cir.1999) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)).  Moreover, in order to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal," United States v. Frady, 456 U.S. 152, 166 (1982), because "[o]nce the defendant's

3

chance to appeal has been waived or exhausted ... we are entitled to presume he stands fairly and finally convicted." Id. at 164.

### A. Claims Already Litigated

Claims One through Four of Mr. McCree's Petition each assert, in similar ways, that the district court unlawfully imposed a consecutive sentence. The Sixth Circuit has already addressed the question of whether the district court abused it's discretion, failed to consider the Sentencing Guidelines, failed to honor the Plea Agreement, and otherwise induced Mr. McCree to plead guilty. In United States v. McCree, 299 Fed. Appx. 481 (6th Cir. 2008), the Sixth Circuit determined the sentence was lawfully imposed.

The instant Court is precluded from considering arguments already litigated before the Sixth Circuit Court of Appeals. The Sixth Circuit decision plainly bars this Court from reconsidering Defendant's argument. See Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."). In this case, Mr. McCree alleges no "highly exceptional circumstances" that would justify relitigation. See id. Instead, Mr. McCree merely reasserts the same argument which the appellate court has rejected.

The Court concludes that Mr. McCree's sentencing and plea claims, raised and disposed of in his direct appeal, are precluded from reconsideration in this § 2255 proceeding. See Davis v. United States, 417 U.S. 333 (1974). Further, Mr. McCree has

4

established no extraordinary circumstance that would justify reconsideration of his sentencing or plea claims. See Schlup v. Delo, 513 U.S. 298 (1995). Therefore, Mr. McCree's sentencing and plea claims are procedurally barred.

### B.  Ineffective Assistance of Counsel

Mr. McCree continues to pursue his ineffective assistance of counsel claim, now embodied in his § 2255 petition for relief. Mr. McCree contends that his counsel was ineffective in inducing him to take the Plea Agreement with the expectation that the time would run concurrently with his state sentence. (Doc. 50, p. 9).

Criminal defendants are entitled to the assistance of counsel for their defense pursuant to the Sixth Amendment of the U.S. Constitution. U.S. Const. amend. VI; see also, Moss v. United States, 323 F.3d 445, 454 (6th Cir. 2003). A right that is derivative of the right to counsel is the right to have effective assistance of counsel. Moss, 323 F.3d at 454; see also, Strickland v. Washington, 466 U.S. 668, 685-86 (1984). The "benchmark of effectiveness 'must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' " Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000) (quoting Strickland, 466 U.S. at 686).

In Hofbauer the Sixth Circuit explained the two-part test for ineffective assistance of counsel as described in Strickland:

> First a defendant must show that counsel's performance was 'deficient,' involving 'errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'.... Second, even if counsel's performance is deemed deficient, a defendant must show that those deficiencies were prejudicial to the defense. To make this showing, the defendant must demonstrate that there 'is a reasonable

5

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'

Hofbauer, 228 F.3d at 702 (quotations omitted).

Within the context of a guilty plea, the Sixth Circuit has noted:

In order to show that deficient performance prejudiced the defense when a defendant pleads guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." A defendant can meet this burden by showing, for example, that there was an "affirmative defense," such as an insanity defense, that "likely would have succeeded at trial," or by showing that he or she was not competent to plead guilty. A defendant is competent if he or she "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him."

Stewart v. Morgan, 2007 WL 1451974 *4 (6th Cir.2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985); Dusky v. United States, 362 U.S. 402, 402 (1960) and citing Jermyn v. Horn, 266 F.3d 257, 283 (3rd Cir.2001); Eddmonds v. Peters, 93 F.3d 1307, 1317 (7th Cir.1996)).

The record indicates that Mr. McCree represented to the court that he was competent to enter a plea of guilty and that he entered the plea knowingly and voluntarily. Mr. McCree entered his guilty plea pursuant to the Plea Agreement which clearly indicated that any recommendations of the parties did not bind the Court. (Doc. 30, Plea Agreement, p. 3 ¶ 7). Such representations of competency "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir.1996).

6

Mr. McCree has failed to show that his counsel's performance was deficient as he has failed to square his allegation of coercion or misplaced promise by counsel with the clear statements of the Plea Agreement that the Court was not bound by the recommendation to run the sentences concurrently.  Further, there is no evidence on the record, or presented by Mr. McCree, that he was prejudiced by his counsel's alleged conduct; that counsel's alleged coercion induced him to plead guilty and, thereby, deprived him of due process.

### C.     Certificate of Appealability

The Court declines to issue a certificate of appealability ("COA").  28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Id. at 483-4 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." Id. at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

For the reasons set forth above, the Court finds Mr. McCree has not shown the Court's decision was "debatable or wrong" within the meaning of Slack. Accordingly, the Court declines to issue a certificate of appealability.

### III. Conclusion

The motion, together with the files and record in this case "conclusively show that Defendant is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), 28 U.S.C. § 2255 Rules. Therefore, the Court finds the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Mr. McCree's conviction and sentence are valid and his motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 8 December 2011